**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**REBECCA ROBERTSON,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-446-Orl-19JGG**

**ATLANTIC FRANCHISE GROUP, INC.,**
**d/b/a Johnny Rockets,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration based on Defendant's *ore tenus* motion to dismiss Plaintiff's complaint for failure to prosecute. For the following reasons, the Court recommends granting the motion to dismiss.

**I.  FACTS**

Plaintiff commenced this action for employment discrimination against Defendant on April 6, 2006. Docket 1. On October 25, 2006, the parties filed a Joint Request for Status Conference. Docket 24. The parties informed the Court that Plaintiff's counsel had been unable to locate Plaintiff for approximately three months. Plaintiff's lack of communication with her counsel resulted in counsel's inability to comply with the Case Management and Scheduling Order and to provide the Mandatory Initial Disclosures. The parties requested the status conference to seek guidance on compliance with the Court's order.

The Court granted the motion for a status conference, and ordered Plaintiff to appear in person and to show cause why her case should not be dismissed for failure to prosecute. Docket 25. The parties were further advised that "failure to comply with the Court's orders may result in the imposition of sanctions, including, but not limited to, dismissal of the case or entry of default." *Id*.

At the status conference held on November 17, 2006, counsel for both parties appeared. Plaintiff did not appear as ordered. Plaintiff's counsel explained that his only means of contacting Plaintiff were a telephone number and a post office box, both of which had been discontinued. Plaintiff's counsel also had hired a private investigator in an attempt to locate Plaintiff, but that was unsuccessful. Plaintiff had not communicated with her counsel or Defendant since the Court issued the order to show cause.

## II.   THE LAW

### A.   Failure to Prosecute

When a case is not "diligently prosecuted," the district court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed. Local Rule 3.10(a). The court may then dismiss the case if the plaintiff does not show "satisfactory cause" in response to the order to show cause. *Id*.

### B.   Sanctions

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16(f) provides:

> If a party or party's attorney fails to obey **a scheduling or pretrial order**, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or

> if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37 (b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16 (emphasis added). Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

> (C)   An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Fed. R. Civ. P. 37 (b)(2)(B)-(D). The sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

## III.   ANALYSIS

The Case Management and Scheduling Order ("CMSO") provides *inter alia* that the parties are to provide their Mandatory Initial Disclosures by October 25, 2006. Docket 22. Upon learning of counsel's difficulty in contacting Plaintiff, the Court *sua sponte* extended the initial disclosure deadline to November 10, 2006. Docket 25.

The CMSO provides that a case may be dismissed if a party fails to comply with the CMSO. Docket 22 at 12. The Court also ordered Plaintiff to show cause to appear and show cause why her case should not be dismissed for failure to prosecute. Docket 25. Plaintiff has not complied with the CMSO, and did not appear at the hearing on the order to show cause. It is clear that Plaintiff's failure to communicate with her counsel is an abandonment of her case, and constitutes a failure to prosecute.

Accordingly, it is **RECOMMENDED** that the case be **DISMISSED** for failure to comply with the CMSO (Docket 22), the Court's order to show cause (Docket 25), and for failure to prosecute pursuant to Local Rule 3.10.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 17, 2006.

JAMES G. GLAZEBROOK<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Counsel of Record